SUMMARY ORDER

Plaintiff-counter-defendant-appellant Fashion Shop LLC (“Fashion Shop”) appeals from a judgment of the United States District Court for the Southern District of New York (Sweet, J.) granting summary judgment to defendant-cross-claimant-appellee T.D. Banknorth, N.A. (“Banknorth”). We assume the parties’ familiarity with the underlying facts and procedural history of the case, and with the issues presented on appeal.
We find no support for Fashion Shop’s position that New York’s Uniform Commercial Code and the Uniform Rules of Collection (“URC”) issued by the International Chamber of Commerce make a presenting/collecting bank per se hable for any losses suffered by a seller in a transaction to which the bank is party. On the contrary, New York law plainly makes the bank liable only for the damages that are proximately caused by its negligent handling of a documentary collection. N.Y. U.C.C. § 4-103(5). Fashion Shop relies primarily on Kookmin Bank v. Sexton Dia-Tools, Inc., 33 A.D.3d 535, 823 N.Y.S.2d 378 (1st Dept.2006), but the bank in that case was held liable precisely because its breach of duties was the proximate cause of the drawer’s injury. See Kookmin Bank v. Sexton Dia-Tools Inc., No. 600967/2002, at 5-6, 2006 WL 6164572 (N.Y.Sup.Ct. Mar. 7, 2006).
In this case, Fashion Shop has identified no evidence that would allow a reasonable jury to conclude that Banknorth’s alleged breach of any of its duties under New York law or the URC was the proximate cause of any injury to Banknorth. Instead, as the district court found, the record uniformly indicates that Banknorth’s customer, Virtual Sales Group Corp. (“VSG”), refused to pay the 10 and 15-day drafts because the goods Fashion Shop shipped did not conform to the parties’ agreement, and not because of any possible technical defect in VSG’s acceptance of the 15-day draft. See Fashion Shop LLC v. Virtual Sales Group Corp., 525 F.Supp.2d 436, 442 (S.D.N.Y.2007). Even *98 if Fashion Shop’s negotiating position with VSG could have been weakened by Bank-north’s alleged breach, there is no evidence suggesting that it in fact was. Moreover, because the district court held that “there are no sums due Fashion Shop from VSG” and found that VSG suffered a net loss of $52,970.36 as a result of Fashion Shop’s delivery of nonconforming goods, id. at 448, any negotiations between Fashion Shop and VSG could just as likely have been over the former’s liability to the latter, which is an issue to which VSG’s acceptance of the 15-day draft is wholly irrelevant.
We have considered Fashion Shop’s other arguments and find them to be without merit. Those arguments, moreover, are irrelevant to the issue of causation, which is dispositive in this case.
For the foregoing reasons, the judgment of the district court is AFFIRMED.